IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELS CHRISTIAN PROPP,

    Plaintiff,

vs.

CEDAR VAUGHN et al.,

    Defendants.

No. 2:12-cv-0272 KJM EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.      Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it does not state a cognizable claim and must be dismissed without leave to amend. According to the allegations in the complaint, plaintiff was charged in 2007 with assault with a deadly weapon and defendant Michael Khoronov, a public defender, "coerced" plaintiff into accepting a plea agreement and assured plaintiff that the conviction would not count as a "strike." Dckt. No. 1 at 4. In May of 2011, plaintiff was apparently arrested for possession of a controlled substance, and that case "is now set for jury trial." *Id.* at 6. Plaintiff claims that defendant Vaughn has not provided him with effective assistance and has violated his due process rights because the 2007 conviction is now being counted against him as a strike. Plaintiff alleges that in his pending criminal proceedings, the state trial court has twice denied his requests for new counsel and plaintiff therefore feels that the "impartiality of the court is a problem." *Id.* In addition to damages, plaintiff's request for relief is for this court to "remove [his] strike," appoint him a "new . . . attorney," and "disqualify" both the district attorney, and the judge presiding over his pending criminal proceedings. *Id.* at 3.

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff names various public defenders as defendants in this action. But a public defender is not a state actor within the meaning of § 1983 in representing a client in the traditional adversarial role of a lawyer. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). And any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, the complaint fails to state a claim upon which relief may be granted as to any defendant.

////

      Moreover, it appears that plaintiff really seeks to challenge the validity of his 2007 conviction and the fairness of his pending criminal proceedings. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In order to bring a civil rights claim alleging an unconstitutional criminal conviction or sentence, a plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's failure to do so in the instant case precludes him from collaterally challenging his 2007 conviction in this civil rights action. *Id.* Additionally, the allegations in the complaint suggest that *Younger* abstention may be proper, as federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 49, 53 (1971). In the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

      In light of the above, the complaint should be dismissed without leave to amend for failure to state a claim upon which relief may be granted. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

////

////

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. Plaintiff's request to proceed *in forma pauperis* is granted.

3   2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim upon which relief may be granted, and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5